PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JUST FUNKY, LLC, | ) | |
| | ) | CASE NO. 5:20CV2699 |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNIQUE LOGISTICS | ) | |
| INTERNATIONAL NYC, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants/Counter-Plaintiffs. | ) | [Resolving ECF Nos. 86, 90] |

Pending before the Court are Defendants/Counter-Plaintiffs' Motion to Hold Funds (ECF No. 86) and Plaintiff/Counter-Defendant's Motion for Reconsideration of July 5, 2022 Order Dismissing Plaintiff's Claim with Prejudice (ECF No. 90). Plaintiff/Counter-Defendant filed an opposition to the Motion to Hold Funds. ECF No. 88. Defendants/Counter-Plaintiffs filed an opposition to the Motion for Reconsideration (ECF No. 94) and Plaintiff/Counter-Defendant filed a reply (ECF No. 96). For the reasons stated below, having reviewed the parties written submissions and had discussions with counsel during the status conference held on July 27, 2022,[1] the Court denies both Defendants/Counter-Plaintiffs' Motion to Hold Funds (ECF No. 86) and Plaintiff/Counter-Defendant's Motion for Reconsideration (ECF No. 90).

## I. Background

This matter before the Court commenced in December 2020, when Plaintiff/Counter-Defendant filed its initial Complaint alleging that Defendants/Counter-Plaintiffs breached the

---

[1] *See* 7/27/2022 Minutes of Proceedings.

(5:20CV2699)

Warehouse and Distribution Agreement entered into by both parties. ECF No. 1. On April 9, 2021, the Court granted Plaintiff/Counter-Defendant's Motion for Temporary Restraining Order after reviewing the relevant briefs and hearing arguments from both parties. ECF No. 32. In the Court's Memorandum of Opinion and Order (ECF No. 32) granting the Temporary Restraining Order, Defendants/Counter-Plaintiffs were ordered to return inventory to Plaintiff/Counter-Defendant and Plaintiff/Counter-Defendant was ordered to deposit the funds held in trust to the Clerk of Court pursuant to the requirement of Federal Rule of Civil Procedure 65(c). The parties mostly complied—Plaintiff/Counter-Defendant transferred $34, 218.09 to the Clerk of Court and Defendants/Counter-Plaintiffs returned a large portion of the inventory at issue to the Plaintiff/Counter-Defendant; however, there were still a few loose ends between the parties yet to be tied up. *See* ECF Nos. 35, 36, 38. Consequently, on April 23, 2021, the Court extended the Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b)(2) to allow the parties to continue to address the outstanding issues and comply with the Court's Order. ECF No. 44. The parties subsequently spent the rest of the year attempting to conduct discovery and file various pleadings and motions for the Court's consideration.

On December 14, 2021, Plaintiff/Counter-Defendant filed a Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 72. Citing "family health issues and other business reasons," Plaintiff/Counter-Defendant candidly admitted that it "has been unable to devote the necessary time and resources to this matter under the present case schedule." ECF No. 72 at PageID #: 1178. The Court held a Telephonic Status Conference on January 5, 2022, during which the parties discussed a briefing schedule for Defendants/Counter-Plaintiffs to file an opposition to Plaintiff/Counter-Defendant's Motion to Dismiss Without Prejudice and a Cross-Motion to Dismiss with Prejudice. On February 3, 2022,

2

(5:20CV2699)

Defendants/Counter-Plaintiffs timely filed their Cross-Motion to Dismiss with Prejudice. ECF No. 74. Plaintiff/Counter-Defendant proceeded to file a reply in support of its Motion to Dismiss Without Prejudice (ECF No. 75) and an opposition to Defendants/Counter-Plaintiffs' Motion to Dismiss with Prejudice (ECF No. 76). Defendants/Counter-Plaintiffs followed up with a reply to support their Motion to Dismiss with Prejudice. ECF No. 78.

On July 5, 2022, the Court granted Defendants/Counter-Plaintiffs' Motion to Dismiss with Prejudice, lifted the Temporary Restraining Order, and released the bond to Plaintiff/Counter-Defendant. ECF No. 85. Defendants/Counter-Plaintiffs filed a Motion to Hold Funds, requesting that the Court order Plaintiff/Counter-Defendant to re-deposit the funds that were returned to it. ECF No. 86. Plaintiff/Counter-Defendant filed an opposition to this motion. ECF No. 88. Plaintiff/Counter-Defendant then filed a Motion for Reconsideration of the Court's July 5 Order. ECF No. 90. Defendants/Counter-Plaintiffs filed an opposition (ECF No. 94) and Plaintiff/Counter-Defendant filed a reply (ECF No. 96).

## II. Discussion

### A. Motion to Hold Funds

Defendants/Counter-Plaintiffs contend that the $34,218.09 released to Plaintiff/Counter-Defendant upon the Court's dismissal of Plaintiff/Counter-Defendant's claims with prejudice should be re-deposited into the Court's registry because of Defendant/Counter-Plaintiffs' pending counterclaims. Unsurprisingly, Defendants/Counter-Plaintiffs' Motion to Hold Funds (ECF No. 86) lacks citations to any statutory or case authority to support their position. The Motion to Hold Funds also misstates that the $34,218.09 originally deposited into the Court registry was for the purpose of securing Defendants/Counter-Plaintiffs' counterclaims. ECF No. 86 at PageID #: 1358. Quoting the Court's April 9, 2021 Memorandum of Opinion and Order

3

(5:20CV2699)

(ECF No. 32) granting the Temporary Restraining Order, Defendants/Counter-Plaintiffs assert that "the Court directed the payment of the escrow monies to the Court in order 'to provide Defendants [Unique] continued security for the storage fees claimed.'" ECF No. 86 at PageID #: 1357 (citing ECF No. 32 at PageID #: 687). Defendants/Counter-Plaintiffs take this sentence from the Court's April 9, 2021 Memorandum of Opinion and Order (ECF No. 32) completely out of context, blatantly ignoring the Court's clearly stated legal basis preceding the sentence they cite. The Court's April 9, 2021 Memorandum of Opinion and Order explicitly states that ordering the deposit of $34,218.09 was for the purpose of satisfying Fed. R. Civ. P. 65(c) temporary restraining order requirements. *See* ECF No. 32 at PageID #: 687 ("Pursuant to Fed. R. Civ. P. 65(c)'s requirements, Plaintiff's counsel will transfer the amount currently held in trust to the Clerk of Court by 12:00 p.m. on Monday, April 12, 2021. The TRO will take effect upon the posting of this bond.").

Furthermore, when these funds at issue were deposited into the Court's registry, Defendants/Counter-Plaintiffs had not even filed their counterclaims yet. *See* ECF No. 54 (showing that Defendants/Counter-Plaintiffs filed their counterclaims on June 4, 2021, almost two months after the Court ordered the deposit of the funds at issue). Defendants/Counter-Plaintiffs' assertion that the $34,218.09 was paid to the Court for the purpose of securing their counterclaims is disingenuous. The Court, therefore, does not find that there are valid grounds to order Plaintiff/Counter-Defendant to re-deposit the $34,218.09 that was released to it. Defendants/Counter-Plaintiffs' Motion to Hold Funds is denied.

## B. Motion for Reconsideration

Plaintiff/Counter-Defendant filed a Motion for Reconsideration requesting that the Court modify its July 5, 2022 Memorandum of Opinion and Order (ECF No. 85) to dismiss its claims

4

(5:20CV2699)

*without* prejudice and to vacate the portion of that Order that dismisses its claims *with* prejudice. See ECF No. 90. When an action contains multiple claims or parties, "appeals may be taken from final decisions on individual claims without waiting for final decisions on the rest of the claims." *Williams v. Com. of Ky.*, 24 F.3d 1526, 1542 (6th Cir. 1994). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Federal Rule of Civil Procedure 54(b) provides

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In practice, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)).

Plaintiff/Counter-Defendant brings this Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b) with regard to the Court's ruling on the Motion to Dismiss, an interlocutory order. In its Motion for Reconsideration, Plaintiff/Counter-Defendant does not provide any indication that there is an intervening change of controlling law or new evidence; however, it propounds

5

(5:20CV2699)

that the Court's reconsideration of the July 5, 2022 Order is necessary to correct a clear error and to prevent manifest injustice.

### i. Clear Error

Plaintiff/Counter-Defendant lists two factual errors it believes warrants the Court's reconsideration; however, neither indicate an error in the Court's judgment of the facts or the law.  First, Plaintiff/Counter-Defendant requests that the Court clarify "certain factual statements and/or observations . . . concerning the basis for its finding that dismissal with prejudice was appropriate."  ECF No. 90 at PageID #: 1372.  Specifically, Plaintiff/Counter-Defendant cites to the Court's July 5 Memorandum of Opinion and Order for its statement that during the May 26, 2021 Telephonic Status Conference, Plaintiff/Counter-Defendant admitted that "*no* discovery was propounded until over eight months later, on January 28, 2022." ECF No. 85 at PageID #: 1352.  Plaintiff/Counter-Defendant argues that this is incorrect because it "actually *propounded discovery requests upon Defendants* much earlier, on June 15, 2021."  ECF No. 90 at PageID #: 1372.  It is worth emphasizing here that Plaintiff/Counter-Defendant merely served discovery demands in June 2021 but did not produce any discovery in response to Defendants/Counter-Plaintiffs' discovery requests.  When Plaintiff/Counter-Defendant finally produced a response to Defendants/Counter-Plaintiffs' discovery requests on January 28, 2022, it was, as Defendants/Counter-Plaintiffs note, "after the discovery deadline" set by the Court and "after the motion to dismiss and cross motion to dismiss with prejudice had been filed."  ECF No. 94 at PageID #: 1409.  There is no clear error in the Court's judgment regarding Plaintiff/Counter-Defendant's delays and minimal efforts that it put into the discovery process.  The Court did not misstate the facts in the July 5 Memorandum of Order and Opinion (ECF No. 85), and therefore,

6

(5:20CV2699)

this point does warrant the Court's reconsideration of its decision to dismiss Plaintiff/Counter-Defendant's claims with prejudice.

Second, Plaintiff/Counter-Defendant contends that reconsideration is necessary because the Court incorrectly assumed that the instant controversy was substantially resolved once Plaintiff/Counter-Defendant recovered its merchandise. Rather, Plaintiff/Counter-Defendant claims that there is still a significant amount of monetary damages that is at issue between the parties, and the Court's dismissal of Plaintiff/Counter-Defendant's claims bars it from being able to pursue these monetary damages in the future. The Court found that the recovery of the merchandise resolved a substantial part of the instant controversy because Plaintiff/Counter-Defendant "did not do much to prosecute this case soon after the merchandise was returned." ECF No. 85 at PageID #: 1353. Plaintiff/Counter-Defendant's inaction led the Court to conclude that regardless of the amount still in dispute, had those damages been a significant part of the controversy, Plaintiff/Counter-Defendant would have put a good faith effort into the discovery process. Plaintiff/Counter-Defendant's own inactions formed the grounds for the Court to properly find that a substantial part of the controversy had been resolved after the Plaintiff/Counter-Defendant's recovery of merchandise. Thus, there is no clear error that warrants the Court's reconsideration of its holding in the July 5 Memorandum of Opinion and Order.

### ii. Manifest Injustice

Plaintiff/Counter-Defendant also argues that the Court should modify its ruling to dismiss Plaintiff/Counter-Defendant's claims without prejudice because Plaintiff/Counter-Defendant made the effort to "do the right thing" and the Court's decision unfairly resulted in essentially a

7

(5:20CV2699)

Rule 37 discovery sanction. Neither of these reasons persuade the Court that reconsideration of its dismissal of Plaintiff/Counter-Defendant's claims is necessary to prevent manifest injustice.

First, Plaintiff/Counter-Defendant claims that it should not suffer negative consequences because it took the initiative to voluntarily dismiss the case after "multiple unforeseen circumstances" led to its realization that it "no longer had the time and resources necessary to prosecute its claims." ECF No. 90 at PageID #: 1375. According to Plaintiff/Counter-Defendant, the Court's decision to dismiss its claims with prejudice "is contrary to applicable policy and well-established law." ECF No. 90 at PageID #: 1376. By voluntarily dismissing its claims without prejudice, Plaintiff/Counter-Defendant argues that such an action "demonstrates a respect for the judicial system and a concern about the impact of Just Funky's conduct on the instant proceedings." ECF No. 90 at PageID #: 1376–77. Plaintiff/Counter-Defendant contends that its attempt to "do the right thing" justifies the Court's dismissal of its claims without prejudice instead of with prejudice.

Plaintiff/Counter-Defendant may believe it attempted to "do the right thing" by filing a voluntary Motion to Dismiss Without Prejudice. The record, however, refutes that notion. It is clear that, although Plaintiff/Counter-Defendant attended the status conferences and ultimately responded to Court orders, it delayed the discovery process and failed to prosecute its case. The "right thing" to do would have been to make a real effort during the discovery process early on to show the Court that Plaintiff/Counter-Defendant sincerely intended to prosecute the case, rather than to leave the case pending for over a year with little effort to gather evidence in pursuit of its claims. The Court recognizes that dismissing Plaintiff/Counter-Defendant's claims with prejudice deprives it of the ability to pursue those claims in the future. Still, the Court maintains its position that it is "not persuaded that Plaintiff/Counter-Defendant would proceed with the

8

(5:20CV2699)

requisite degree of urgency to accommodate the expeditious administration of justice" had the Court allowed Plaintiff/Counter-Defendant the ability to pursue its claims in the future. ECF No. 85 at PageID #: 1353. The Court maintains that Plaintiff/Counter-Defendant's actions were insufficient to persuade the Court that it did not fail to prosecute. Thus, reconsideration is not warranted and no manifest injustice results.

Second, Plaintiff/Counter-Defendant argues that the Court's dismissal of its claims with prejudice was essentially a Federal Rule of Civil Procedure 37 discovery sanction, resulting in manifest injustice to Plaintiff/Counter-Defendant because Defendants/Counter-Plaintiffs did not comply with the necessary procedures normally required to obtain a Rule 37 sanction. Namely, Plaintiff/Counter-Defendant emphasizes that Defendants/Counter-Plaintiffs never filed a Motion to Compel pursuant to Rule 37 and the Northern District of Ohio Local Rules concerning discovery disputes were never followed. This is the same argument that Plaintiff/Counter-Defendant raised in its opposition to Defendants/Counter-Plaintiffs' Motion to Dismiss with Prejudice. *See* ECF No. 76 at PageID #: 1309–10. Plaintiff/Counter-Defendant does not raise any additional points in its Motion for Reconsideration or supporting reply that persuade the Court that its decision to dismiss Plaintiff/Counter-Defendant's claims with prejudice requires reconsideration, especially given that the Court based its decision to dismiss Plaintiff/Counter-Defendant's claims on Federal Rule of Civil Procedure 41, not 37.[2]

Federal Rule of Civil Procedure 41(b) provides district courts with the authority to dismiss an action for a failure to prosecute. The Court's July 5 Memorandum of Opinion and Order clearly sets out the factors that the Court must evaluate to determine whether it is

---

[2] Consequences resembling those that may have been imposed by Rule 37 are coincidental and not determinative of the rulings made herein.

9

(5:20CV2699)

appropriate to dismiss a case for a failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  ECF No. 85 at PageID #: 1351.  The Court provides sufficient reasoning for dismissing Plaintiff/Counter-Defendant's claims with prejudice, indicating that after Plaintiff/Counter-Defendant recovered its merchandise, Plaintiff/Counter-Defendant took minimal action to prosecute the case and there was very little done to "elicit evidence in pursuit of the claims at issue."  ECF No. 85 at PageID #: 1353.  Plaintiff/Counter-Defendant's failure to cooperate in the discovery process was not the core but rather just one of the many indications that Plaintiff/Counter-Defendant failed to prosecute its claims.  Furthermore, Plaintiff/Counter-Defendant's behavior throughout the course of litigating this matter persuaded the Court to find that Plaintiff/Counter-Defendant would also fail to prosecute these same claims in the future if the Court were to have permitted Plaintiff/Counter-Defendant to retain the ability to refile them.  *See* ECF No. 85 at PageID #: 1353.  The Court's granting of Defendants/Counter-Plaintiffs' Motion to Dismiss with Prejudice was grounded in robust reasoning.  Therefore, there is no resulting manifest injustice that requires the Court to reconsider its decision.

### III. Conclusion

Accordingly, the Court denies Defendants/Counter-Plaintiffs' Motion to Hold Funds (ECF No. 86) and denies Plaintiff/Counter-Defendant's Motion for Reconsideration (ECF No. 90).

IT IS SO ORDERED.

| February 10, 2023 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |